In the Matter of the Application of MATTHEW WILSON and Others, Individually and as Members of a Committee Authorized to Incorporate the YARD WORKERS ASSOCIATION, an Existing Unincorporated Association, Petitioners, for an Order against WILLIAM J. PICARD and Others, Constituting the Board of Standards and Appeals of the State of New York, Respondents.

Supreme Court, Albany County, April 10, 1940.

*Scheiberling & Schneider*, for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*Edward J. Gretchen, Assistant Attorney-General*, of counsel], for the respondents.

BERGAN, J. Application by the petitioners for approval of the certificate of incorporation of Yard Workers Association, Inc., to the respondents, constituting the Board of Standards and Appeals, was made in pursuance of subdivision 1-a of section 11 of the Membership Corporations Law. The application was disapproved by the respondents " on the ground that the purposes of the proposed corporation are inconsistent with the provisions of the Labor Law and public policy."

The defense asserted by the respondents in their answer in this proceeding, however, is laid upon broader grounds. It is alleged and urged upon the brief and argument of the respondents that the certificate of incorporation does not disclose upon its face that it falls within the requirements of subdivision 1-a of section 11 of the Membership Corporations Law It is, in effect, contended by the respondents that the certificate is not one of those which requires their approval as a condition precedent to filing. It would seem to follow from this that the certificate, having been approved by a justice of the Supreme Court, could be filed without the further approval of the Board of Standards and Appeals indorsed upon it.

The statute requires such approval where the certificate of incorporation specifies among its purposes " the organization of working men and women and wage earners for their mutual betterment, protection and advancement or for the regulation of hours of labor, working conditions and wages." The enumerated purposes specified in the proposed certificate are: " To further the social and economic conditions of its members and to take over, carry on and continue the affairs, property, obligations, business and objectives of the unincorporated association known as Yard Workers Association."

The certificate contains no statement that the members of the corporation whose social and economic conditions are to be furthered are working men or women or wage earners. It cannot reasonably be implied from the language employed that the continuance of the affairs, property, obligations, business and objectives of the " Yard Workers Association " has any relationship to the regulation of hours of labor, working conditions or wages of working men and women. Indeed, the Yard Workers Association, in so far as the specifications of the certificate on its face disclose, might have had entirely different purposes.

The mere use of a title including the word " workers " and a specification of continuance of the objectives of an unincorporated association employing that word are not such statements of the specific conditions enumerated in subdivision 1-a as would require approval by the respondents as a condition for filing. Whether a proposed certificate falls within the requirements of the statute for approval by the respondents is a question which must be ascertained, as the statute plainly indicates, from the specifications contained upon the face of the certificate itself.

Since the respondents raise the question that the certificate is not one which on its face requires their approval for filing, I think their objection to the petition upon this ground must be sustained. This result, so arrived at, could not harm the petitioners since it would seem to offer no bar to the filing of the certificate. The corporate function would, of course, be prescribed in its exercise by the purposes as enumerated.

The use of the word " purpose " in section 9-a of the General Corporation Law means the purpose as stated in the certificate and should be construed in the same manner in this respect as subdivision 1-a of section 11 of the Membership Corporations Law. The further condition of section 9-a of the General Corporation Law, that approval of any proposed certificate of incorporation, regardless of the purpose stated, which contains certain enumerated names such as " labor," " organized labor," " federation of labor," etc., has no application to this proposed certificate because none of the enumerated names or phrases in the statute appears in the certificate.

Accordingly, the contention of the respondents that the certificate is not one which requires their approval under the statute must be sustained and in view of this result the other questions raised need not be considered.

Petition dismissed, without costs. Submit order.